LOTTINGER, Judge.
This is a tort action instituted by plaintiffs against Jesse P. Carrol and his son, George L. Carrol, arising out of an automobile accident which occurred on February 2, 1957, in Washington Parish on what is known as the Franklinton-Bogalusa highway. Alternatively, in the event George L. Carrol was not of age, judgment was prayed for against the father individually and as administrator of the estate of his minor son.
The matter, together with two other consolidated suits, was duly tried in the Lower Court, following which judgment was rendered on October 13, 1958 and signed on October 17, 1958, in favor of plaintiff Robert A. Newell and against defendant Jesse P. Carrol, in the sum of $3,535 and, further, in favor of plaintiff Mrs. Robert A. Newell and against defendant Jesse P. Carrol in the sum of $10,000. No appeal was ever taken from this judgment. Subsequently, as the result of a motion having been presented to the trial judge calling his attention to the fact that the judgment was rendered solely against Jesse P. Carrol individually and not also against him as administrator of the estate of his minor son, George L. Carrol, by ex parte order the judgment of October 17, 1958, was amended so as to be also against the father as the administrator of the estate of his minor son. The order amending the original judgment is dated December 23, 1958.
On April 28, 1959, a motion was presented by Carrol individually and as the administrator of the estate of his minor son suggesting to the court that the amending part of the judgment (dated December 23, *691 1958) was an absolute nullity as it had not been read, rendered and signed in open court as required by C.P. Art. 543. A rule to show cause was issued following the hearing of which judgment was rendered, read and signed in open court on May 8, 1959, decreeing the amended portion of the judgment (dated December 23, 1958) to be null and void and ordering the Clerk to cancel same from the mortgage records of Washington Parish.
On May 7, 1959, a motion was presented by Carrol to the'Lower Court wherein it was recited that the latter had filed bankruptcy proceedings in the Eastern District of Louisiana, New Orleans Division, of-the United States District Court as a consequence of which, by judgment dated April 13, 1959, he had been completely discharged of any obligation under the original judgment rendered against him in this matter. A rule was prayed for and granted to show cause why the judgment of October 17, 1958, should not be cancelled and erased from the mortgage records of the parish. Following the hearing of this rule judgment was rendered, read and signed in open court on July 10, 1959, making same absolute and ordering the cancellation and erasure of the October 17, 1958, judgment.
The plaintiffs then filed- a petition for an appeal, reciting that they were aggrieved by the judgment dated July 10, 1959, and an order of devolutive appeal was accordingly granted to this court.
In spite of the foregoing, plaintiffs make no argument before us as to the incorrectness of the July 10, 1959, judgment (from only which they appealed) but complain only that the judgment of May 8, 1959 (setting aside the amended judgment of December 23, 1958) is incorrect.
From the above and foregoing it is clear that we cannot consider the judgment of May 8, 1959, as no appeal was taken therefrom and, furthermore, as no appeal can be taken therefrom, more than one year having elapsed. Any complaint as to the judgment of July 10, 1959, we deem abandoned as no question as to its correctness has been raised in appellant’s brief.
The motion to dismiss the appeal is well founded and is, therefore, sustained.
Appeal dismissed.